[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 373.]

CINCINNATI BAR ASSOCIATION *v.* JONES.

[Cite as *Cincinnati Bar Assn. v. Jones*, 2001-Ohio-72.]

*Attorneys at law—Misconduct—Two-year suspension with one year stayed on conditions—Neglect of an entrusted legal matter—Failing to carry out contract for professional services—Failing to obtain permission from tribunal to withdraw from a case, when such permission is required—Withdrawing from employment without taking reasonable steps to avoid prejudicing a client—Failing to return promptly, when requested, property client is entitled to receive—Prejudicing or damaging client during course of professional relationship—Failing to assist in disciplinary investigation.*

(No. 00-1889—Submitted December 13, 2000—Decided April 11, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-75.

_____

*Per Curiam.*

{¶ 1} On November 24, 1999, relator, Cincinnati Bar Association, filed a complaint charging respondent, Timothy V. Jones of Cincinnati, Ohio, Attorney Registration No. 0063968, with six counts of attorney misconduct, all relating to the neglect of legal matters entrusted to him by various clients. Respondent answered and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on testimony and stipulations received at a hearing, the panel found that respondent had filed a divorce proceeding for Portia Gill after she paid him $750 but then failed to keep in contact with Gill. Months after her case was filed, Gill discovered that respondent had left the practice of law. Respondent failed

to withdraw from Gill's case as required by local court rules and failed to return her personal papers. The panel also found that in August 1998, Shirley Barber hired respondent to represent her in a divorce action and paid him $325. After filing appropriate pleadings and appearing before a magistrate on Barber's behalf, respondent told Barber a week before the scheduled hearing that he was taking a job in Dayton and could not appear with her. Respondent failed to follow the local court rules in withdrawing from Barber's case, which was subsequently dismissed for lack of prosecution.

{¶ 3} The panel also made findings in four other matters. Jacqueline Evans paid respondent a retainer of $1,500 and a filing fee of $190 in June 1998 to represent her in a contract dispute. Respondent filed the case, but unknown to the Evans, he dismissed it in April 1999. When she inquired at his former office, Evans was told by a secretary that respondent no longer worked in the office and had left no forwarding address.

{¶ 4} In July 1998, David Sprawl paid respondent a $450 filing fee and agreed to pay respondent a one-third contingency fee to handle Sprawl's personal injury claim. Respondent did not file the case and a year later informed Sprawl that he should find another lawyer because the statute of limitations was running. Respondent did not return the $450 to Sprawl.

{¶ 5} In February 1997, Frederick Smith paid respondent $450 to be used as a filing fee for representation in a workers' compensation claim. Respondent filed the case, voluntarily dismissed it, and then filed it again. The total filing fees were $283. When respondent failed to appear in court, Smith terminated respondent's employment and requested a return of his file and any remaining funds. Respondent did not respond, failed to return any unused fees to Smith, and failed to withdraw properly from his representation.

{¶ 6} In March 1997, Paula M. Dillard paid respondent $200 in filing fees and agreed to pay respondent a $500 retainer to represent her in a divorce action.

In March 1999, Dillard paid respondent $300 of the agreed retainer. Respondent failed to file the case, and when Dillard inquired at his former office, she was told that respondent "was no longer there" and had left "no forwarding address." Respondent also failed to respond to relator's inquiry regarding Dillard's grievance.

{¶ 7} The panel concluded that in each of these six matters, respondent's conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter) and 7-101(A)(2) (failing to carry out a contract for professional services). It concluded that in the Gill, Barber, and Smith cases, his conduct violated DR 2-110(A)(1) (failing to obtain permission from a tribunal to withdraw from a case, where such permission is required), and that in the Gill, Barber, Sprawl, and Dillard cases his conduct violated DR 2-110(A)(2) (withdrawing from employment without taking reasonable steps to avoid prejudicing a client). Also, in the Gill, Barber, and Dillard matters, the panel concluded that respondent's conduct violated DR 2-110(A)(3) (failing to promptly return any unearned advance fee upon withdrawal from a case).

{¶ 8} The panel further concluded that in the Gill, Smith, and Dillard cases, respondent violated DR 9-102(B)(4) (failing to return promptly, when requested, property which the client is entitled to receive) and in the Evans matter he violated 7-101(A)(3) (prejudicing or damaging a client during the course of a professional relationship). Finally the panel concluded that in the Dillard case respondent violated the Gov.Bar R. V(4)(G) requirement that an attorney assist in a disciplinary investigation.

{¶ 9} The panel found little evidence in mitigation and recommended that the respondent be suspended from the practice of law for two years, with one year stayed upon condition that respondent refund the money owed to his clients and undergo monitoring during the stay as directed by the relator. It recommended that the stay be revoked if during the two-year term of his suspension a complaint is filed against respondent that passes probable cause review by the board. The board adopted the findings, conclusions, and recommendations of the panel.

**{¶ 10}** We adopt the findings and conclusions of the board except the conclusion that respondent violated DR 2-110(A)(3) in the Gill and Barber matters. Relator's allegations that respondent failed to return the unearned portion of his fee in those matters was denied in the answer, and neither the stipulations nor the testimony introduced at the hearing support this conclusion.

**{¶ 11}** We adopt the recommendations of the board. Respondent is hereby suspended from the practice of law for two years, with one year stayed provided that respondent refund the money owed to his clients and undergo monitoring during the stay as directed by the relator. If respondent fails to satisfy these conditions, or if during the two-year term of his suspension a complaint is filed against respondent that passes probable cause review by the board, the stay shall be revoked.

**{¶ 12}** Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**COOK, J., dissenting.**

**{¶ 13}** I respectfully dissent. Although I agree that a two-year suspension is the appropriate sanction, I would decline to stay any part of that suspension.

PFEIFER and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

————————————

*Robert J. Gehring* and *Jean M. Geoppinger,* for relator.

*John H. Burlew*, for respondent.

————————————